## Insurance Company of the State of Illinois v. Manchester Fire Assurance Co.

1. TENDER—*As an Admission of the Amount Due.*—The tender of an amount is evidence tending to show an admission of a sum due to the person to whom the tender is made.

2. EVIDENCE—*Tending to Show an Agent's Authority, Competent.*— When a party has dealings with another as agent of a third party, and the proof upon the question of the agent's authority is conflicting, evidence tending to show that the act in question was done by such person under proper authority, is competent.

· **Assumpsit,** on a contract of reinsurance. Trial in the Circuit Court of Du Page county; the Hon. HENRY B. WILLIS, Judge. presiding. Verdict and judgment for defendant. Error by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

### STATEMENT.

Appellee had issued two policies of insurance against fire upon grain in Pacific elevators A and B, Chicago. The elevators and contents were destroyed by fire. Appellee paid its insurance and then brought this suit against appel-

674      APPELLATE COURTS OF ILLINOIS.

VOL. 77.]   Ins. Co. of State of Ill. v. Manchester Fire Assurance Co.

lant on an alleged contract by appellant to reinsure appellee against said risks to the amount of $2,500 on each. It was stipulated that all proof should be admitted which could be introduced under proper declaration, pleas and replications. There was a trial by jury. At the close of all the evidence, on motion of appellee, the court instructed the jury to find for appellee and assess its damages at $3,043. Such verdict was rendered, a motion for a new trial interposed by appellant and denied, a judgment on the verdict entered, and this is an appeal therefrom.

The proofs show that the home office of appellant was at Rockford, Illinois; that Nichols & Newberry were agents for appellant in Chicago; and that appellee applied to said agents over the telephone to procure such reinsurance by appellant. Said agents, after examining their books, replied they would reinsure. They were in the habit of making to appellant two reports each week, which they called daily reports. They duly reported this insurance to the home office in the first daily report after agreeing to take the risk. The next morning after said report was mailed, the secretary of appellant, at Rockford, called up Newberry by telephone and gave directions to immediately cancel the reinsurance above referred to. Without leaving the telephone, Newberry called up the general agency of appellee in Chicago, and called for Shepard, its local manager, who had directly in charge the matter of reinsurance of appellee's Cook county business. Newberry received a reply that Shepard was out. During the afternoon he again called up the same office by telephone, and again asked for Shepard, and was again told he was not in. He recognized the voice as that of McCabe, an assistant of Shepard in that department, and directed him to tell Shepard that he had been ordered to cancel the insurance in question, and must immediately call off the lines; that he wanted it attended to that night as he could not let it run over. This notice was about a week before the fire. No premium had been paid. No writing had passed.

WORKS & HYER, attorneys for appellant.

.E. H. GARY and THOMAS BATES, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

First. It was proved that after the fire appellee tendered appellant $80 for the premium for said reinsurance and appellant refused to take the money. The offer was certainly evidence tending to show an admission by appellee that there was that sum due to appellant for the premium for said reinsurance. Under the stipulation no plea was necessary to enable appellant to set off that sum against appellee's demand. The instruction, verdict and judgment each ignored this evidence of a set-off, and they are excessive in amount, as the sum named therein was the amount which would be due from appellant upon such reinsurance, without deducting the premium.

Second. The instruction given by the court was equivalent to a decision, either that the contract could not be canceled by notice, or else that notice to McCabe was not notice to Shepard, appellee's superintendent and general manager at Chicago. There was evidence tending to show that the practice prevailed in the insurance business in Chicago, to follow oral insurance by a written certificate recognizing it, and that oral insurance was subject to cancellation by notice till such certificate had been issued. No such certificate was issued in this case. There was also evidence tending to show that McCabe had authority to receive notices of cancellation by telephone for Shepard in appellee's business. Whether there was a cancellation of this reinsurance by the notice to McCabe, was a question of fact, to be decided by the jury under proper instructions.

Third. There was evidence tending to show Nichols & Newberry were also agents for appellee, and other evidence tending to show that they had only a restricted authority to act for appellee. In that state of the evidence appellant offered to prove by Nichols that said firm at the time in controversy were agents of appellee and authorized to issue policies for them and to receive notices of cancellation of

676     Appellate Courts of Illinois.

Vol. 77.] Ins. Co. of State of Ill. v. Manchester Fire Assurance Co.

policies, and that they did in fact issue policies and act as agents to that extent for appellee. The court sustained an objection by appellee to the offered evidence, and appellant excepted, to the ruling. In view of the proof that appellant's secretary, the morning after the reinsurance was reported, telephoned Nichols & Newberry to immediately cancel said insurance, it was material to know to what extent Nichols & Newberry represented appellee, so as to enable the jury to decide under proper instructions whether that notice to Nichols & Newberry in and of itself effected a cancellation of the insurance. This evidence was material for another reason. Defendant claimed that Nichols & Newberry were agents for both parties and therefore they could not make a binding contract for one of said parties to insure the other, but to make the insurance binding it must be ratified by the home office of appellant; and as appellant at once refused to carry the risk a contract of insurance was not effected. Hartford Fire Insurance Company v. McKenzie, 70 Ill. App. 615. Appellant had a right to make the proof offered in order to enable it to raise the question whether a contract of reinsurance had in fact been closed. It was error to refuse to admit the evidence.

Fourth. There was evidence tending to show that a custom prevailed in the insurance business in Chicago as to the manner of taking, continuing and canceling oral insurance; and also evidence tending to show appellant and appellee had dealt with each other in a different manner for some months before the fire. Whether there was such a custom, and whether the parties made this contract for oral insurance with reference to said custom, or under a different course of dealing established between themselves, were questions of fact which the court was not warranted in taking out of the hands of the jury.

Fifth. It was a disputed question, under the proof, whether, by the custom of the business prevailing in Chicago, oral insurance was good for more than ten days if not within that time followed by some writing. This oral insurance was effected October 13th, and the fire occurred

October 26th.  The court should not have withdrawn that question from the jury.

The judgment will be reversed and the cause remanded for a new trial.